# STATE OF VERMONT

SUPERIOR COURT                                                           ENVIRONMENTAL DIVISION
Vermont Unit                                                               Docket No. 49-4-14 Vtec

| Madden v. Town of New Haven |
| --- |

## ENTRY REGARDING MOTION

Title:          Motion to Amend (Motion 6)
Filer:          John A.G. Madden
Attorney:       Pro Se
Filed Date:     November 14, 2014

No response filed

**Mr. Madden's motion is DENIED.**

On January 28, 2014 the Town of New Haven (the Town) Planning Commission held a hearing and voted 6-0 on proposed zoning changes to a 3.45 acre parcel of land at the corner of River Road and Route 7 in New Haven, Vermont (parcel 788.1). The Town Selectboard (the Selectboard) held a public hearing on the issue in February 2014. New Haven resident John Madden, acting pro se, participated in the public hearing and questioned whether an amendment to the Zoning Map required a town vote. Subsequently, the Selectboard amended both the Town bylaws and the Zoning Map to reflect the changes to parcel 788.1 by majority vote.

Mr. Madden appealed that decision to this Court, requesting that this Court clarify the proper procedure to amend the Town Zoning Map.[1] The Town moved for summary judgment. Finding that the Selectboard followed the proper procedure when amending the Town's Zoning Map by majority vote, the Court granted the Town's Motion for Summary Judgment on September 12, 2014. On October 9, 2014 Mr. Madden filed a motion to amend the Court's September 12, 2014 Entry Order, arguing that he has been deprived of his right to vote. Finding no evidence in support of a manifest error or injustice, the Court denied Mr. Madden's motion on October 28, 2014.

Now pending before the Court is a second motion to amend the Court's September 12, 2014 Entry Order. Similar to his October 9 motion, Mr. Madden again argues that he has been deprived of his right to vote. We consider this motion to be a motion pursuant to Vermont Rules of Civil Procedure (V.R.C.P.) 59. Under V.R.C.P. 59(e), a party is entitled to file a motion to amend within 10 days of entry of the judgment. Under V.R.C.P. 6, the deadline for this motion

---

[1] In his petition, Mr. Madden referred to the map as the "Land Use (Zoning) Map." In subsequent filings, he alternatively referred to the map as the "Land Use Districts Map" and the "Land Use Planning Areas Map."

1

was September 26, 2014—10 days after the judgment was entered on September 12, 2014. As of that date, Mr. Madden has exhausted his rights under this remedy. This second motion is untimely and must therefore be denied.

In a final attempt to clarify our decision for Mr. Madden, we note the following. The Court stated in both its September 12 and October 28 Entry Orders that Mr. Madden's assertion that he has been deprived of his right to vote arises out of an apparent failure to distinguish between the Zoning Map and the Town Plan Map. He argues that the Town voted to adopt Town Plans and amendments by Australian ballot at a 2000 Town Meeting. The matter at issue in this appeal is an amendment to the Town bylaws and Zoning Map, not the Town Plan Map. The Zoning Map is distinct from the Town Plan map. Nothing in Title 24 Chapter 117 eliminates the distinction between a Land Use Map in the Town Plan and the Zoning Map that is part of the Zoning Bylaws.

In the pending motion, Mr. Madden disagrees, arguing that the Zoning Map and the Town Plan Map are "required to be the same." He supports this argument with reference to Title 24 Section 4410: "A municipality that has adopted a plan through its bylaws may define and regulate land development in any manner that the municipality establishes in its bylaws, provided those bylaws are in conformance with the plan and are adopted for the purposes set forth in section 4302 of this title." Taking a portion of § 4410 out of context, Mr. Madden argues that the phrase "provided those bylaws are in conformance with the plan" means that the Zoning Map and Town Plan Map are the same.

Considering the plain language of the statute, § 4410 authorizes a municipality to "define and regulate land development" in the manner established within its bylaws. The remainder of the section, which Mr. Madden relies on to support his motion, modifies this authority by requiring that the bylaws "are in conformance with the [Town] plan . . . ." Contrary to Mr. Madden's assertion, the clause does not mean that the Zoning Map and Town Plan Map are the same. Conformance requires harmony, agreement, or compliance between the bylaws and Town Plan, not duplication, and certainly does not imply that the two are interchangeable. While the bylaws must therefore conform to the Town Plan, § 4410 does not mandate that they are the same. As such, the statutory procedures for amending the Town Plan Map do not apply to an amendment to the Zoning Map.

For the reasons stated in greater detail above, Mr. Madden's Motion to Amend is **DENIED**.

If Mr. Madden, or any other party, wishes to appeal our September 12, 2014 decision to the Vermont Supreme Court, they were required to do so by following the procedures set out in the Vermont Rules for Environmental Court Proceedings and the Vermont Rules of Appellate

2

Procedure. Under Rule 5(k)(2) of the Vermont Rules for Environmental Court Proceedings, the deadline for such an appeal was October 13, 2014.

<u>This matter is closed and no further motions will be considered.</u>

Electronically signed on November 20, 2014 at 02:03 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

<u>Notifications</u>:
Appellant John A.G. Madden
Cindy Ellen Hill (ERN 5390), Attorney for Interested Person Town of New Haven